# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KERZETSKI, | Case No. 2:25-cv-00234-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Defendants. | |

Before the Court are the (ECF No. 2) Motion for Preliminary Injunction, (ECF No. 14) Motion to Compel, and (ECF No. 16) Motion for Leave to File Response by Plaintiff Brian C. Kerzetski, who is *pro se* and incarcerated in the custody of Nevada Department of Corrections (NDOC) at High Desert State Prison (HDSP). For the following reason, the Court denies the Motion for Preliminary Injunction without prejudice and grants the Motion to Compel and Motion for Leave.

**I. BACKGROUND**

On February 4, 2025, Plaintiff Brian C. Kerzetski, *pro se*, commenced this 42 U.S.C. § 1983 action by filing a Motion for Leave to Proceed *in forma pauperis*, Complaint, and the instant Motion for Preliminary Injunction. ECF Nos. 1, 2. Plaintiff's Complaint brings claims under the Eighth Amendment regarding conditions of confinement, including exercise and shower conditions, under the Fourteenth Amendment's Equal Protection Clause, and under the Nevada Constitution, Article I, § 1. ECF No. 1-1.

On May 28, 2025, the Court ordered the Office of the Attorney General (OAG) to indicate

whether it would enter a limited notice of appearance on behalf of interested party NDOC for the purpose of responding to the Motion for Preliminary Injunction. ECF No. 4. On June 4, 2025, the OAG filed a limited notice of appearance on behalf of NDOC without waiver of any defenses or objections, including lack of service, as Defendants had not been served. ECF No. 5. On June 11, 2025, NDOC filed its response to the Motion for Preliminary Injunction, attaching Plaintiff's medical records under seal.[1] ECF Nos 7-9. On June 17, 2025, Plaintiff filed his Reply. ECF No. 10.

On August 22, 2025, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. ECF No. 11. The Court found Plaintiff's Complaint stated a colorable Eighth Amendment conditions of confinement claim regarding inadequate exercise and allowed that claim to proceed against Defendants Jeremy Bean, William Kuloloia, Brian Williams, and Julie Williams. Id. The Court dismissed Plaintiff's Eighth Amendment conditions of confinement claim regarding inadequate showers, Fourteenth Amendment equal protection claim, and Nevada Constitution claim without prejudice and with leave to amend, and provided Plaintiff until September 30, 2025, to file an amended complaint regarding those claims. Id. On August 25, 2025, the Clerk of Court filed Plaintiff's Complaint and exhibits. ECF No. 12.

On August 25, 2025, the Court sought clarification from NDOC regarding the amount of time, if any, Plaintiff was allowed outdoors to exercise and ordered NDOC to file a status report regarding Plaintiff's yard time schedule. ECF No. 13. On September 4, 2025, Plaintiff filed the instant Motion to Compel NDOC to provide paper copies of his medical records filed under seal. ECF No. 14. On September 8, 2025, NDOC filed a status report regarding Plaintiff's outdoor exercise time. ECF No. 15. On September 16, 2025, Plaintiff filed the instant Motion for Leave to file a response to NDOC's status report clarifying the amount of yard and tier time currently available to him. On September 29, 2025, Plaintiff filed his proposed First Amended Complaint ("FAC"), which has not yet been screened. ECF No. 17-1.

The Court's Order on the pending Motions for Preliminary Injunction, Motion to Compel,

---

[1] The Court granted leave to file the medical records under seal to protect Plaintiff's medical privacy. See ECF No. 13.

and Motion for Leave to File Response follows.

## II. LEGAL STANDARD

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a preliminary injunction the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The Ninth Circuit also recognizes that "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011)).

But a plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the *status quo* during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." Id. (cleaned up). And the Prison Litigation Reform Act (PLRA) similarly instructs that any preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

For injunctive relief to issue in any case, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. (quotation omitted). "This requires a sufficient

nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.

### III. DISCUSSION

#### A. Preliminary Injunction

As set forth in the Court's screening order, Plaintiff has stated a plausible claim that the conditions of confinement at HDSP are violative of his Eighth Amendment right to exercise. However, for the reasons discussed below, Plaintiff has not satisfied the requirements for the extraordinary remedy of a mandatory preliminary injunction at this stage, so the Court dismisses the Motion without prejudice and with leave to refile and address the deficiencies described in this Order.

In his Motion, Plaintiff asks the Court, pending the ultimate resolution on the merits of his claims, to order Defendants to provide him with a minimum of two hours of outdoor exercise daily, and to alter the outdoor exercise yard to provide (1) adequate toilet facilities; (2) adequate drinking water; (3) adequate firm and level surfaces for running and walking; (4) reasonable quantities of fields/courts; (5) reasonable quantities of exercise workout stations; (6) access to shelter for relief from inclement weather and an (7) an adequate opportunity to shower after exercise. Plaintiff thus seeks a mandatory preliminary injunction.

First, the Court finds Plaintiff's request for a mandatory injunction is not narrowly tailored or the least intrusive means necessary to remedy his Eighth Amendment right to adequate exercise as required by the PLRA. Similarly, Plaintiff improperly seeks the same relief which he ultimately hopes to obtain in his Complaint: to fundamentally alter the scheduling, equipment, and design of HDSP's outdoor exercise yard and recreation practices. But, as a general rule, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "Given this limited purpose and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and

1  evidence that is less complete than in a trial on the merits." Id. Having screened Plaintiff's
2  Complaint and reviewed the parties' briefing, the Court is not satisfied at this stage that the
3  circumstances warrant breaking from the general rule that "that kind of judgment on the merits in
4  the guise of preliminary relief is a highly inappropriate result." Senate of State of Cal. v.
5  Mosbacher, 968 F.2d 974, 978 (9th Cir. 1992) (collecting cases). Preliminary relief must be
6  narrower than the relief Plaintiff ultimately hopes to obtain in a final judgement, after trial on the
7  merits of his claims.

8  Second, the Motion is not adequately supported by the record currently before the Court.
9  Plaintiff's Motion is unsupported by facts set forth in a sworn declaration, leaving the Court to
10 rely only on the allegations of his Complaint. And since Plaintiff filed the injunction, the limited
11 record before the Court reveals the amount of outdoor exercise time afforded to Plaintiff has varied
12 considerably. Plaintiff initially provided a daily log of outdoor and tier time as an attachment to
13 his Complaint, see ECF No. 1-2, however it has not been updated since January 30, 2025. Plaintiff
14 further claims NDOC's representations as to the current outdoor yard schedule are misleading,
15 however his explanation as to the discrepancy in NDOC's Status Report is confusing, and
16 unsupported by an updated log or other evidence establishing the amount of yard time he has
17 *actually* been provided, and the occasions on which he is required to choose between yard time
18 and tier time, with its associated other constitutionally protected activities, such as attending mass,
19 as alleged in his Complaint. See Allen v. City of Honolulu, 39 F.3d 936, 939-40 (9th Cir. 1994)
20 (holding that prisoner was entitled both to exercise and to law library access and should not have
21 to forego one for the other).

22 Moreover, Plaintiff's Motion seeks relief related to access to showers after exercise,
23 however the Court dismissed his Eighth Amendment claim regarding shower access without
24 prejudice and with leave to amend to address the deficiencies outlined in the Screening Order. See
25 ECF No. 11. On September 29, 2025, Plaintiff filed his proposed FAC, which must again be
26 screened pursuant to 28 U.S.C. § 1915A. Until the FAC is screened, the Court cannot grant relief
27 related to shower conditions in the absence of a claim for such relief in the operative pleading.
28 In sum, Plaintiff's Motion for Preliminary Injunction is denied without prejudice, as it

1 impermissibly seeks a mandatory injunction that is the ultimate relief sought in his Complaint, is
2 not narrowly tailored or the least intrusive means necessary to remedy the harm, is unsupported by
3 evidence sufficient for the Court to determine how much outdoor exercise and tier time Plaintiff
4 is currently receiving, and lacks sufficient nexus to the claims in a screened complaint.

### B. Motion to Compel

Plaintiff asks the Court to compel NDOC to provide him paper copies of his medical records, which NDOC filed under seal in response to his Motion for Preliminary Injunction. He says prison officials have informed him he must file a kite to review the records, and that he filed a kite on June 12, 2025, but has still not been provided copies. Pursuant to Local Rule IA 10-5(c), a party filing documents under seal must certify that the sealed document was served on the opposing *pro se* party. NDOC's filings indicate a copy of the Motion for Leave to file under seal and Notice of Filing of under seal records were served via mail to Plaintiff, but not the medical records themselves. See ECF Nos. 7-9. Therefore, the Court will order NDOC to provide Plaintiff copies of the medical records it filed under seal.

### C. Motion for Leave to File Response

Plaintiff's Motion for Leave to file a response to NDOC's status report is granted for good cause, as he contests NDOC's representations as to the amount of yard time he is currently being provided.

///
///
///

### IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's (ECF No. 2) Motion for Preliminary Injunction is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's (ECF No. 14) Motion to Compel is **GRANTED**. NDOC shall provide Plaintiff copies of his medical records that it filed under seal at ECF No. 8 within **seven days** of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's (ECF No. 16) Motion for Leave is **GRANTED**.

The Clerk of Court is kindly directed to mail Plaintiff a courtesy copy of this Order.

**DATED:** September 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**